IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LENNON IMAGE TECHNOLOGIES, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>GUCCI AMERICA, INC., an American company; and GUCCIO GUCCI S.P.A, an Italian company,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   Civil Action No. 6:21-cv-_____ |

**PLAINTIFF LENNON IMAGE TECHNOLOGIES, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lennon Image Technologies, LLC, by and through its attorneys, brings this action and makes the following allegations of patent infringement relating to United States Patent No. 6,624,843 (the "'843 patent"). Defendants Gucci America, Inc. and Guccio Gucci S.p.A (collectively "Gucci") infringe Plaintiff's '843 patent in violation of the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*.

**PARTIES**

1. Plaintiff Lennon Image Technologies, LLC is a Texas Limited Liability Company with a place of business at 1910 East Southeast Loop 323, #244, Tyler, Texas 75701.

2. Upon information and belief, Defendant Gucci America, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business located at 150 Totowa Rd. Wayne, NJ 07470. Defendant Gucci America, Inc. may be served with process through its registered agent CT Corporation System Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

3.  Upon information and belief, Defendant Guccio Gucci S.p.A. is an Italian company with a registered office at Via Tornabuoni 73 / R, 50123 Florence, Italy, and may be served with process at that address..

## JURISDICTION AND VENUE

4.  This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

5.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.  Upon information and belief, Gucci is subject to this Court's general and/or specific personal jurisdiction because they (a) have committed acts of infringement in the State of Texas as alleged below; and/or (b) are engaged in continuous and systematic activities in the State of Texas.

7.  Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Gucci has committed acts of infringement in this District as set forth below, and has regular and established places of business in this District such as, for example, located at 7400 San Pedro Ave, San Antonio TX, 78216, and 3939 IH 35 South, Suite 1050, San Marcos, TX, 78666. Further, Gucci has announced the opening of a new store within this district on March 31, 2022, at 11410 Century Oaks Terrace, Austin, TX, 78758. On information and belief, customers use Gucci's Accused Instrumentalities (defined below) in this District and, as a direct result of this use, subsequently purchase products at Gucci's places of business in this District.

## ASSERTED PATENT

8.  On September 23, 2003, the United States Patent and Trademark Office issued United States Patent No. 6,624,843 entitled "Customer Image Capture and Use Thereof in a Retailing System," a true copy of which is attached as Exhibit 1. The application that matured into

the '843 Patent was filed on December 8, 2000, and claims priority to a provisional application filed on December 10, 1999.

9. On September 22, 2017, the Patent Trial and Appeal Board ("PTAB") issued a "Decision on Appeal" concerning the '843 Patent, confirming the patentability of original claims 5, 8-13, 18, 20, and new claims 22-24, 28, 35, 38-40, 44, and 51. A true and correct copy of the "Decision on Appeal" is attached hereto as Exhibit 2. On September 26, 2018 an Ex Parte Reexamination Certificate issued for the '843 Patent. A true and correct copy of the Ex Parte Reexamination Certificate is attached hereto as Exhibit 3.

10. Plaintiff is the owner by assignment of the '843 Patent and owns all right, title, and interest in the '843 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '843 Patent.

11. The claimed invention relates to a "method and apparatus for capturing a person's image and using the captured image in a retailing system." Col. 1:13-16. The invention "allows apparel retailers and other purveyors of such items an opportunity to virtually 'dress' the potential customer in featured merchandise as a virtual 'fitting.'" Col. 2:12-15. "Through manipulation of digitized images, an image of the customer in a new apparel style is displayed." Col. 2:18-20. One embodiment of the '843 Patent is described in claim 18, which depends on claims 14 and 17, and states as follows:

> Claim 14:
>
> A method for manipulating a customer image corresponding to a customer, the method comprising:
>     capturing the customer image;
>     generating a composite image comprising the customer image and one of at least one apparel style image corresponding to a potential purchase item;

> displaying the composite image thereby allowing the customer to assess the potential purchase item without having to try it on; and
>
> storing the customer image,
>
> wherein the step of generating the composite image further comprises retrieving the customer image in response to a request for the composite image.

Claim 17:

The method of claim 14, wherein the step of displaying further comprises:

> detecting presence of a person near a display;
>
> determining that the person corresponds to the customer image; and
>
> displaying the composite image in response to the step of determining.

Claim 18:

The method of claim 17, wherein the step of determining further comprises comparing biometric information of the person with the customer image.

## ACCUSED INSTRUMENTALITY AND BACKGROUND

12. Gucci is engaged in the business of selling fashion products including, but not limited to shoes, hats, eyewear, and cosmetic makeup.

13. Gucci engages in electronic commerce conducted on and using at least, but not limited to, the website https://www.Gucci.com.

14. On information and belief, Gucci owned, operated, and/or directed the operation of a mobile cosmetics application, which was available for download at, for example, https://apps.apple.com/gb/app/gucci/id334876990 and https://play.google.com/store/apps/details?id=com.gucci.gucciapp (the "Gucci Try-On App" or the "Accused Instrumentality").

15. On information and belief, Gucci has made, and continues to make available to its customers, the Gucci Try-On App for manipulating an image corresponding to a customer.

16. Gucci currently provides and/or has provided website visitors access to its site, Https://www.Gucci.com/, including the page https://www.gucci.com/us/en/st/stories/article/sneaker-garage, which provides a direct link to the Google Play Store installation page for the Gucci Try-On App.

17. Gucci allows customers to purchase its products using the Gucci Try-On App.

### INFRINGEMENT OF U.S. PATENT NO. 6,624,843

18. Plaintiff incorporates paragraphs 1 through 17 as though fully set forth herein.

19. The Gucci Try-On App captures a customer image. For example, the Gucci Try-On App accesses a mobile device's camera, or similar input device, to capture a customer image, as shown below:



20. The Gucci Try-On App generates a composite image comprising the customer image and one of at least one apparel style image corresponding to a potential purchase item including by retrieving the customer image in response to a request for the composite image. For example, as shown below, using the Gucci Try-On App, a customer may select from a variety of products (*i.e.*, potential purchase items) including but not limited to shoes, hats, eyewear, and makeup. For each selected product, the Gucci Try-On App generates a composite image comprising the customer image and at least one apparel style image, which corresponds to a potential purchase item. Gucci retrieves the customer image from the user's device, Gucci server(s), or both in response to a request for a composite image, such as in response to a user's selection of a particular product.



21. The Gucci Try-On App displays the composite image thereby allowing the customer to assess the potential purchase item without having to try it on. For example, the Gucci Try-On App displays images of the customer and the at least one apparel style image on the user's device such that the user is able to assess a potential purchase item, such as the "Eadie Scarlet" Satin Lipstick without having to try it on, as shown above .

22. As shown below, the Gucci Try-On App stores the customer image, for example, on the user's device, Gucci's server(s), or both. The Gucci Try-On App retrieves the customer image in response to a request for the composite image. For example, Gucci retrieves the customer

image from the user's device, Gucci's server(s), or both in response to a request for a composite image, such as in response to a user's selection of a particular product.

23. Additionally, the Gucci Try-On App displays the composite image by (a) detecting the presence of a person near a display; (b) determining that the person corresponds to the customer image; and (c) displaying the composite image in response to the step of determining.

24. For example, the Gucci Try-On App detects the presence of a person near a camera or similar video input apparatus of a user's mobile device, as shown below:




25. The Gucci Try-On App determines that the person corresponds to the customer image by analyzing the input image and searching for the person's face within the input image. If

the person's face within the input image, near the display, is appropriately positioned within the detection area, then the Gucci Try-On App determines that the person corresponds to the customer image.

26. Once the Gucci Try-On App has determined that the person corresponds to the customer image, a composite image is displayed using the customer image and the at least one apparel style image, as shown below:



27. Furthermore, the Gucci Try-On App determines that the person corresponds to the customer image by comparing biometric information of the person with the customer image. For example, the Gucci Try-On App compares the size and/or shape of the customer's facial features, such as lips, with respect to the customer image. For other purchase items, the biometric

information compared changes to fit the purchase item; it can be facial features (such as eye size for eyewear), foot size (for shoes), and head size (for hats).

28. While the listed and shown examples have been, for the sake of clarity, exclusively one potential purchase item (the "Eadie Scarlet" Satin Lipstick), the Gucci Try-On App also performs every step previously explained for many other potential purchase items, such as hats, eyewear, and shoes, as shown below:

29. Accordingly, Gucci has been and is now directly infringing one or more claims of the '843 Patent, including at least Claim 18, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale or importing in the United States its Accused Instrumentality, which manipulates a customer image corresponding to a customer.

30. In addition and/or in the alternative, Gucci has been and/or is now indirectly infringing one or more claims of the '843 Patent and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271(b) by inducing its customers to directly infringe the '843 Patent through their use of the Accused Instrumentality. Gucci induces such infringement by at least making the Gucci Try-On App available to customers and providing links and directions to the same as well as providing instructions on its proper use and operation.

31. A chart showing Gucci's direct infringement of Claim 18, and other Asserted Claims of the '843 Patent, is attached hereto as Exhibit 4.

32. As a direct and proximate consequence of the acts and practices of Gucci in infringing, directly, and/or indirectly, one or more claims of the '843 Patent, Plaintiff has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

33. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

(a) A judgment in favor of Plaintiff that Defendants have directly infringed and/or have indirectly infringed by way of inducement of one or more claims of the Asserted Patent;

(b) A judgment that Plaintiff has been irreparably harmed by the infringing activities of Defendants, and is likely to continue to be irreparably harmed by Defendants' continued infringement;

(c) A judgment and order requiring Defendants to pay Plaintiff damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for their usage made of the inventions of the Asserted Patent, including pre- and post-judgment interest and costs, including expenses and disbursements;

(d) A judgment awarding treble damages against Defendants for willful infringement pursuant to 35 U.S.C. § 284;

(e) A judgment awarding Plaintiff its costs as provided under Fed. R. Civ. P. 54(d)(1);

COMPLAINT FOR PATENT INFRINGEMENT                                    Page 13

  (f)  A judgment for pre- and post-judgment interest on all damages awarded;

  (g)  A judgment awarding Plaintiff post-judgment royalties; and

  (h)  Any and all such further necessary or proper relief as this Court may deem just and equitable.

Dated: December 16, 2021

Respectfully submitted,

**BUETHER JOE & COUNSELORS, LLC**

By: /s/ *Christopher M. Joe*
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone: (214) 466-1272
Facsimile: (214) 635-1828

**ATTORNEYS FOR PLAINTIFF
LENNON IMAGE TECHNOLOGIES, LLC**